May it please the Court, my name is Paul Cochran, I'm counsel for the Appellant Douglas Chertock. This appeal is about the right of a party to make a motion which the federal rules of civil procedure permit him to make. In this case, we are challenging an order of the District Court, Judge Sullivan, dated June 16th of 2016, which Judge Sullivan summarily denied, deemed and denied, a motion for fraud on the Court which had never been made. We had submitted a letter request. Is it common to treat these, for judges to take these pre-motion letters and treat them as motions as long as the parties have a fair chance to be heard? Well I think the answer to that is yes and no. The law in this circuit is that District Courts have no power to prevent someone from making a motion. But that's not what happened here. Judge Sullivan didn't say you can't make your motion. Judge Sullivan said I'm going to treat your three-page letter as a motion, number one, and then consider it on the merits. And then number two, there was a motion for reconsideration which was fully briefed. That's correct. But why isn't that sufficient for a sufficient opportunity for your client to be heard? Because the motion was never made. The letter that was submitted ... Okay, let's assume with you that when a letter is treated as a motion, it may create some problems if it keeps you from making arguments. But at what point have you ever suggested any argument that you would have made, that you were kept from making, which isn't on its face frivolous? That is, I may agree with you about the procedure, but why should we do anything about it in a case where you haven't told us at all, ever, what you might have said if a formal motion had been made? Your Honor, the reason that has never happened is because of the procedure that occurred here. No. The procedure is what you are now relying on for not telling us at any stage what you would have done. That is, oh good, he did it this way, I can say I didn't have a chance. But you never tried. Because the law didn't allow us to. A Rule 6.3 reconsideration motion does not allow you to raise any facts or arguments that were not before the court. Did you try when he said I am treating this as a motion to supplement what you had sent with anything else? He didn't say that. Judge, I've never been informed. I know he didn't say, but did you do what any reasonable person would have done, which is come in and say, you're treating it as a motion, here's what I want to say? We made a motion for reconsideration to do just that. Judge, I've never been in front of Judge Sullivan. What more would you have offered, in fact? What exactly were you precluded from putting before the court by having the court act on your motion, letter, and the motion for reconsideration? I've had difficulty understanding what it was that you didn't feel that you had an opportunity to present to the court. And I can understand that, Your Honor, because we were never given the opportunity to make that presentation. Could you tell me now? Certainly. As we said in our 2A letter, which was restricted by Judge Sullivan's rules, we want to present clear and convincing evidence that the attorneys in this case misrepresented facts to obtain the order we challenged. That is something that has been tried out now I don't know how many times. So OK, if that is what you wanted to present, that would be something that if you presented it, the judge could have immediately said, that is frivolous. That is out. That is, I would like to know, substantively, what argument you would have made that you have a chance to make that isn't on its face, not just frivolous, but almost outrageous? Judge, I'll address that, though I don't have a record to do it. I'm going outside the record to do it. But we proposed to make a motion that had never been made before. This is not before the circuit court on the prior motion. That motion was limited to fraud on the circuit court with regard to the written consents and the Exhibit A issue. If you look at page 249 of the record, you will see that the appellees here acknowledged in their reconsideration papers that we were raising a new issue on the proposed district court motion based on our letter that had never been raised before, an issue that they knew that they were lying to the court when they said that these stockholder meetings took place. That's never been litigated in any court. It was not before the circuit court. We have evidence that will show that they knew. How did you have an opportunity to raise that in any of the six or seven times that you were before the court before? Because it isn't only whether you have raised something for res judicata, but whether this is something that you either knew or should have known and could have brought before. If it is, it is res judicata, even if it isn't collateral estoppel. That's interesting, Your Honor, but res judicata was not raised by the, by my opponents or by the district court. This was dismissed because we, because we allegedly were raising something that had been raised before the circuit on the prior motion. It was the same motion, but it wasn't the same motion. A fraud on the court motion under Hazel and Kupferman has no time bar. It can be brought at any time. Hazel was 13 years after the lawyers knew about the, the, the dishonesty of the attorneys involved in obtaining the judgment. They had settled the case and 13 years later, the Supreme Court said, this goes to the integrity of the system. It makes no difference that the, that there was no timely action on the part of a party. It's the court that's at issue here. It's the integrity of the court. So there's no time bar. There's no, there's no res judicata effect. If evidence is presented to the court that a, that a fraud was perpetrated, that dishonesty took place, then that motion has to be heard. We made a pre-motion letter. It didn't call for any presentation of evidence. In fact, the rule 2A, which we've tried to raise here, which the appellees refuse to address and which the district court ignored, says you can only present a three page letter with a brief overview of your motion. Don't put in any affidavits or exhibits and you can't reply to the other side. On those limitations alone, under rule 2A, the best pay phones exception to the Richardson rule that you can't prevent a party from making a full record of what they want to say does not apply. Would you like to use your rebuttal? No, I'll, I'll say my rebuttal. Thank you. On the other side. Good morning, your honors, and may it please the court, Isaac Zauer from the firm Cleric Guerin-Reisbaum for the appellee StreetEasy. I'd like to begin, if I may, by saying very simply that my partner, Emily Reisbaum, and I and all the lawyers at our firm take our ethical responsibilities extremely seriously. We did not lie to this court. We did not lie to the district court. There is no foundation to the accusations that have been leveled against us. I think you can hear in Mr. Corcoran a hint of some of the reasons that the strategy on Mr. Chertock's side has evolved towards attacks on the lawyers. That's all very well, but the question before us is, was the procedure that Judge Sullivan used a proper procedure? Thank you, thank you, your honor. This case is kind of irritating because there have been so many motions, so many things, so many times before. On the other hand, the question of whether it is appropriate for a judge to treat a letter of this sort as a motion and deal with it is a different issue, and I'd like you to address that. Thank you, your honor. We believe the answer to that question is clearly yes, and that this court set out the standard under which a district court may do exactly that in the In Re Best Pay Phones case. In that case, the court articulated three factors . . . That non-presidential. That non-presidential case, yes, your honor, that's correct, but which as Judge Chin pointed out has been followed, I wouldn't say every day, but certainly with some regularity in the district courts. And what that case suggests and what the district courts following it have done is they look to see whether the submissions are, the non-brief submissions are of sufficient length and detail to set forth the argument, whether the moving party has an adequate opportunity to make a record for use on appeal, and whether the application has a clear lack of merit. In this instance, we think that the district court had abundant material before it to treat the application as a motion, and it's terminologically, I think, important for us all to remember that it did not deny Mr. Chortok the opportunity to make a motion. It deemed the motion made, and it did so on the basis of not only the initial three-page single-space Rule 2A letter, which cited cases from this court, from the Supreme Court. It cited the rules . . . So, pay phones, being a summary order, go into sufficient detail as to what then must be allowed to the party who made this letter motion if it is treated as a motion to submit? In read best pay phones give some guidance. Yes, it indicates that a robust pre-motion letter, standing alone, can be sufficient for the court to make, to deem a motion to have been made. And in this case, even more was before the district court. There was a pre-motion letter. There was effectively a reply, and there was the entire record that had been made before this court. I'm asking a somewhat different question, which is, is there a statement in that case that can guide district judges as to what they should do if there is material beyond what is in that letter, and the letter and the rules say you don't bring in other materials, what they must allow to have be brought in to make that letter into a true motion? Your Honor, I think the case provides guidance. I don't think there's not a clear algorithm, but it certainly . . . the case does instruct us that a letter that is sufficiently detailed, standing alone, may be enough. In this instance, there was a letter. There was a reply letter. There was 500 pages of supporting materials that had been submitted to this court in support of a very similar motion just two days before. So I do think that the best pay phones case gives a district court a flexible, usable standard that the district court seemed to be using without true difficulty. I don't know if the court wants to . . . I can turn for a moment to the lack of merit of the arguments. I think that was apparent to this court in the past. It was certainly apparent to the district court. The only hint of a difference between the application that was made to this court and the application that was made to the district court has to do with an allegation we made in our amended complaint in 2011 that certain telephonic meetings took place, which Mr. Corcoran has now claimed he has evidence to suggest that that was false and that we were making that allegation. That isn't true. We articulated the investigation that we did before making the allegation. It was a careful investigation. The allegation in the amended complaint was true. It's also . . . I'm sorry, Your Honor. I believe you've asked for sanctions, haven't you? Yes, Your Honor. Now, that would be sanctions for bringing this appeal. Correct. My problem with that is that there is no opinion of this court. There is a summary order, but there's no opinion of this court that says that what was done was correct. Under those circumstances, how can one say it is so frivolous as to justify sanctions when somebody raises a question on which there is no precedent yet? You say there is practice, but practice ain't precedent. Your Honor, I think the answer to that question is that the appeal is frivolous as a matter of fact. The appellant is raising, once again, arguments that have been considered and deemed to be frivolous in the past. He's raising a motion with respect to the district court's procedure. But he hasn't . . . And that is a separate question. It may be that the district court's procedure was correct because the underlying arguments he's making are frivolous, but the question goes to the district court's procedure. And as to that, we don't have any precedents. We have a summary order which has been followed. So how can one say that claiming the procedure was wrong, even if the underlying argument that he would have made would have been frivolous and might have been sanctionable there below for making it? But that's not what is before us. What's before us is whether appealing the procedure that the district court used is so frivolous as to be sanctionable. What I would submit, Your Honor, is that there must be a factual as well as a legal basis for the appeal. And in this instance, Mr. Turtock's appeal suggests that it had . . . that there would have been evidence. He's been invited today . . . I don't think that's the way the law works. If there is a procedure which is totally . . . which is wrong, somebody can object to the procedure, even if under a correct procedure, the person would have had nothing to do. I mean, that's a question for the district court. But for us, the question is always whether the procedure that was exercised was proper. With respect to the procedure, we think the procedure set forth in 2011 in an admittedly non-presidential opinion is clear and was clearly followed by this district court as it has been followed by others. Mr. Corcoran was invited to say what the evidence would be were he to go back to the district court and flesh out his theory of fraud, and he was unable to do that this morning. I'm not saying that's wrong, and I'm not saying even that if there had been a direct presidential opinion, then challenging the procedure might be frivolous. I'm just saying I don't know quite what to say about frivolousness when we don't have a precedent. Well, with respect to frivolousness and more generally our request for sanctions in the form of a monetary order and an order against further filings, the other thing that I would say is that we are now five years after the settlement, nearly six years after the settlement of this case, and it is fundamentally unfair for Street Easy to continue to bear this burden. And it may well be that on the merits of this, the district court should give you sanctions and might bar further filings. That all goes to the merits, but I'm not sure it's before us. I appreciate Your Honor's comments. What I would say is this is the third time Mr. Chertok has abused this court with this matter, and he submitted in his opposition to the sanctions motion a notation that he has spent on the order of a million dollars in the last year, presumably on Mr. Corcoran's term, and it appears he has limitless resources to throw at this ongoing saga. And so we're really here, you know, asking for the court's assistance to bring this to an end. I see I'm out of time. Thank you, Your Honors. Any other rebuttal? First of all, Your Honor, with regard to Mr. Zauer's protestations that they have not lied, that's what this motion is about. That's what's to be determined. No, what this motion is about is whether the procedure that the district court exercised was correct. That's what this appeal is about, Your Honor. If you want us to talk about the merits, then you're in trouble. And if we get to the merits, then what you say may well be sanctionable. You'd better stick to the question of a procedure, because that is something which might well not be sanctionable. I agree, Your Honor. The Best Pay Phones case. Is it true that your firm has made a million dollars litigating these matters? In two and a half years, including a six-month review of the record to determine whether or not there was a good faith basis, Your Honor, there was a fraud on the court. We're entitled to have a hearing on that. That's why we're appealing, not just to do it, but because we have a motion we're entitled to make. And if it's not a good motion, we will be sanctioned. I'm willing to take that risk. We're entitled to make a motion. Best Pay Phones is a limited exception, can only be a limited exception to Richardson unless it undermines Richardson. Best Pay Phones is a very peculiar set of facts, and even the district court said the exception only applies where there was . . . I was a district judge. I did this all the time. I treated pre-motion letters that were trying to make frivolous motions. I deemed them the motion and denied them summarily. And every district judge does that. Every district judge has to do that to be able to manage the dockets. And it may be true that we don't have precedent that blesses the procedure, but it happens all the time. No question about it, but Richardson says it shouldn't. There is no way that a court can determine whether or not this application had merit without hearing what's behind it. We made this letter application under Rule 2A. It said we couldn't put forth our evidence. It said we couldn't reply. Mr. Zauer says we effectively replied. That's wrong. The judge . . . The district court wants to take a look at it, and if it's clear from its face that it's frivolous, then it doesn't want to waste the court's time, the other side's time, your client's time litigating. And that's the purpose of this device. But if the district court makes a clearly erroneous determination based on misinformation, here the district court said . . . You made a motion, and you made a motion for reconsideration, and then you could have put in whatever you wanted. The district court said in the June 16th order, there's no new evidence being raised here, no new arguments. False. The Street Easy's own response papers on the reconsideration motion acknowledged that there was new evidence and arguments to be raised by this proposed motion. It's a J249. J249 undermines everything they're arguing here. Thank you. Thank you.